## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| CURTIS DAVID BARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:21-cv-00470-RK-P |
| | ) | Crim. No. 4:16-00084-CR-RK-1 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Movant is incarcerated at the Federal Correctional Institution in Talladega, Florida, where he is serving a 180-month sentence for drug and firearm offenses. (Crim. Doc. 62.)[1] Movant pled guilty to his crimes (*id.*), and he unsuccessfully challenged the validity of his convictions on appeal. (Crim. Doc. 71-1.) Now before the Court is Movant's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) The motion is fully briefed. (Docs. 7, 11, 14, 18.[2]) Movant seeks relief under § 2255 challenging the Court's order at sentencing regarding "special sex offender conditions" imposed on supervised release. Movant also asserts a claim of ineffective assistance of appellate counsel for failing to challenge this special condition on direct appeal.

After careful consideration and for the reasons explained below, Movant's motion to vacate, set aside or correct his sentence pursuant to § 2255 is **GRANTED in part** and **DENIED in part**.[3] Specifically, Movant's motion to vacate, set aside, or correct his sentence is granted as to the judgment entered April 18, 2019, in *United States v. Barker*, 4:16-cr-00084-RK-1 (Crim. Doc. 62), imposing as a mandatory condition Movant "must comply with the requirements of the

---

[1] "Crim. Doc." refers to the docket entry number in the criminal case, No. 4:16-cr-00084-RK-1. "Doc." refers to the docket entry number in Movant's civil case, No. 4:21-cv-00470-RK-P.

[2] Docs. 14 and 18 are the Government's supplemental filing and Movant's response to the Government's supplemental filing, as ordered by the Court (*see* Doc. 12).

[3] At the outset, the Court emphasizes this § 2255 proceeding concerns only the special condition of Movant's supervised release that he comply with state and federal sex offender registration laws. This case does **not** implicate in any regard an independent classification by the Bureau of Prisons as to Movant relating to his confinement within the BOP. To the extent habeas relief under § 2255 is granted here, such relief concerns **only** the conditions of supervised release as set forth in the Court's judgment entered April 18, 2019 (Crim. Doc. 62). *See* § 2255(b) (relief available under § 2255 is limited to vacating and setting aside the judgment and for resentencing or "correct[ing] the sentence as may appear appropriate").

Sex Offender Registration and Notification Act ['SORNA'']," and as a special condition Movant shall comply with federal sex offender registration requirements. Movant's motion is otherwise denied.

## I. Background

On September 19, 2018, Movant entered a guilty plea before this Court pursuant to a written plea agreement to three counts: felon in possession of a firearm and ammunition; possession of marijuana and cocaine with the intent to distribute; and possession of a firearm in furtherance of drug trafficking. (Crim. Docs. 53, 54.) Movant's plea agreement included the following appeal waiver:

> With respect to all other issues [other than the denial of his pretrial motion to suppress evidence], however, [Movant] expressly waives his right to appeal his sentence, directly or collaterally, on any ground except claims of (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence. An "illegal sentence" includes a sentence imposed in excess of the statutory maximum, but does *not* include less serious sentencing errors, such as a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence.

(Crim. Doc. 53 at 14.)

The presentence investigation report ("PSR") completed by the Probation Office prior to Movant's sentencing included as part of Movant's criminal history a 1981 conviction under Florida state law for attempted sexual battery. (Crim. Doc. 57 at 9.) In the sentencing section, the PSR recommended as a special condition to any term of supervised release, among others, that "[t]he defendant shall comply with all state and federal sex offender registration requirements." (*Id.* at 26.) Movant did not object to the PSR's special conditions as to any term of supervised release to be imposed. (*See id.* at 28-32.)

Movant's counsel (who represented Movant both at plea/sentencing and on appeal) submitted an affidavit in the Government's supplemental response wherein counsel attests that prior to sentencing Movant received a copy of the PSR and that counsel "visited in person with [Movant] to review, explain and discuss the PS[R] in its entirety, including the suggested special condition . . . that he comply with all state and federal sex offender registration requirements." (Doc. 14-1.) Counsel attests Movant "initially questioned the applicability" of the condition but "indicated that he understood that any legal objection would be meritless and that this condition would not constitute a new requirement that he register as a sex offender," and "then indicated that he had no objection to this provision." (*Id.*) In his reply to the Government's supplemental

2

response, Movant asserts he did not see the PSR "on paper" or otherwise until "he was at Oklahoma City" after sentencing. (Doc. 18 at 3.)

At the sentencing hearing, after imposing a term of supervised release after imprisonment, the Court ordered that Movant "shall comply with the mandatory and standard conditions that have been adopted by this Court" in addition to "the special conditions that are outlined in section D of the presentence investigation report," (Sent. Tr. at 27-28), which includes the sex offender registration requirement as noted above. Neither Movant nor Movant's counsel objected at the sentencing hearing to this special condition. Finally, the Court's written judgment requires that Movant "comply with the requirements of the Sex Offender Registration and Notification Act [SORNA]" and "comply with all state and federal sex offender registration requirements" on supervised release. (Crim. Doc. 62 at 3, 5.)

## II. Legal Standard

Under 28 U.S.C. § 2255, a federal prisoner may collaterally attack (1) a sentence imposed in violation of the Constitution or federal law, (2) a sentence for which the court lacked jurisdiction to impose, (3) a sentence that exceeds the maximum authorized by law, or (4) a sentence that is otherwise subject to collateral attack. § 2255(a). Generally, an evidentiary hearing is required "[u]nless the motion and the files and record of the case conclusively show that the prisoner is entitled to no relief." § 2255(b). At the same time, a district court may grant § 2255 relief without an evidentiary hearing "where there is no disputed question of fact and the files and the records of the case establish conclusively that the petitioner is entitled to relief." *Umanzor v. United States*, No. C 11-4024-MWB, 2012 WL 124377, at *4 (N.D. Iowa Jan. 17, 2012) (citing *Grady v. United States*, 269 F.3d 913, 918 (8th Cir. 2001)).

## III. Discussion

Movant asserts four grounds for relief under § 2255. In Grounds One, Two, and Four, Movant claims he was denied effective assistance of appellate counsel because his attorney failed to challenge the Court's order as a condition of supervised release that he comply with federal and state sex offender registration requirements. (Doc. 1 at 4-5, 8.) To prevail on these claims, Movant must show that counsel's performance was both constitutionally deficient and prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see Smith v. Robbins*, 528 U.S. 259, 285 (2000) (*Strickland* applies to the claims of ineffective assistance of appellate counsel). Relatedly, in Ground Three, Movant claims the Court erred by "impos[ing] special sex offender conditions.

3

. . without any explanation . . . [because he] did not qualify for it" since the instant criminal conviction was not related to the earlier Florida attempted sexual battery conviction and because he is not required to register as a sex offender under either state or federal law. (Doc. 1 at 7.)

First, to the extent Movant raises a claim of error by the Court, the Government argues Movant has procedurally defaulted this claim by failing to raise it on direct appeal. Generally, a § 2255 movant cannot assert on post-conviction relief a claim he did not raise on direct appeal. *McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001)). A movant can overcome this procedural default, however, "by demonstrating cause for the default and prejudice or actual innocence." *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 622 (1984)). As the Eighth Circuit has recognized, "[i]neffective assistance of appellate counsel may [itself] constitute cause and prejudice to overcome a procedural default." *Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005) (citation omitted). In other words, an ineffective assistance of appellate counsel claim (as Movant asserts here) can serve as both an independent claim for habeas relief as well as to excuse procedural default of a claim. *Id.* For this reason, the Court considers first Movant's claim for ineffective assistance of appellate counsel as both an independent claim for relief under § 2255 as well as to overcome the procedural default as to Movant's third Ground for habeas relief.

To establish ineffective assistance of appellate counsel, Movant "must show that appellate counsel's performance was constitutionally deficient and that he was prejudiced by that deficiency." *Charboneau v. United States*, 702 F.3d 1132, 1136 (8th Cir. 2013) (citing *Strickland*, 466 U.S. at 687). In other words, Movant must demonstrate (1) "counsel's performance was objectively unreasonable" and (2) "a reasonable probability that the outcome of the appeal would have been different if counsel had raised the claim." *Roe v. Delo*, 160 F.3d 416, 418 (8th Cir. 1998) (citation and quotation marks omitted).

Movant argues appellate counsel[4] was constitutionally ineffective in representing him on appeal because counsel (1) failed to research Movant's files and records that would have revealed that his earlier Florida conviction does not require him to register as a sex offender under either state or federal law, and (2) failed to raise the issue on direct appeal. Movant argues appellate counsel's decision not to raise this challenge could not have been a strategic decision because the

---

[4] It appears from the record Movant's plea/sentencing counsel also represented Movant on appeal (at least through the filing of Movant's notice of appeal and initial briefing before the Eighth Circuit). (*See* Doc. 63); *United States v. Barker*, No. 19-1880 (8th Cir.).

4

sex-offender-registration special condition on supervised release does not apply to Movant and the Court did not "give reason[s] as to why Mr. Barker qualified for the special condition[]."

### A.    Prejudice

First, the Court considers *Strickland*'s prejudice prong. Under this prong, the Court considers whether there is a reasonable probability that had appellate counsel raised this claim, it would have been meritorious. *See Becht*, 403 F.3d at 546; *Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994) ("counsel's failure to advance a meritless argument cannot constitute ineffective assistance").

Because Movant failed to object to this condition of supervised release at sentencing or otherwise, had appellate counsel challenged this special condition on direct appeal, it would have been subject (as unpreserved) to plain error review. *See United States v. Carlson*, 406 F.3d 529, 531 (8th Cir. 2005). "Plain error occurs if the district court deviates from a legal rule, the error is clear under current law, and the error affects the defendant's substantial rights." *United States v. Ristine*, 335 F.3d 692, 694 (8th Cir. 2003) (citation and quotation marks omitted). In addition, the Eighth Circuit regularly enforces appeal waivers, such as the one here, so long as (1) the appeal falls within the scope of the waiver, (2) the appeal wavier and plea agreement were entered into knowingly and voluntarily, and (3) enforcing the appeal waiver will not result in a miscarriage of justice. *United States v. Andis*, 333 F.3d 886, 890-91 (8th Cir. 2003) (enforcing appeal waiver where all three of these factors were satisfied).

### 1.    Appeal Waiver

Accordingly, the Court first considers whether Movant's appeal would have otherwise been barred by the waiver in the plea agreement.

At his change-of-plea hearing, Movant affirmatively indicated he understood the subsections of the plea agreement in which he waived his right to appeal his conviction and sentence except for the listed grounds, and the Court questioned Movant at length concerning the voluntariness and knowledge of his plea. (*See* Plea Tr. at 19.) Additionally, and contrary to Movant's unsupported argument otherwise, that Movant seeks to challenge the special conditions to his supervised release does not in itself make his plea (including the appeal waiver) unknowing or involuntary. *See United States v. Blue Coat*, 340 F.3d 539, 541-42 (8th Cir. 2003); *Andis*, 333 F.3d at 892 (considering enforcement of appeal waiver in light of challenge to conditions of supervised release); *but see United States v. Icker*, 13 F.4th 321, 326 (3d Cir. 2021) (holding appeal

5

waiver unenforceable because the plea agreement did not specifically set forth the sex offender registration condition that movant sought to challenge in post-conviction relief). The record supports that Movant knowingly and voluntarily agreed to the appeal waiver.

Although Movant knowingly and voluntarily agreed to the appeal waiver (and plea agreement generally), the next inquiry concerns whether the appeal – challenging the condition of supervised release that he comply with sex offender registration requirements – would fall within the scope of the waiver. Movant expressly agreed to waive his right to appeal his sentence "on any ground" except prosecutorial misconduct, ineffective assistance, and an illegal sentence. The agreement defined "illegal sentence" as *including* a sentence beyond the statutory maximum but *not including* misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence. When faced with this kind of appeal waiver, the Eighth Circuit has recognized such language "implies that there exists a range of sentencing errors and that not all of those errors fall within the scope of the waiver." *United States v. Bradford*, 806 F.3d 1151, 1155 (8th Cir. 2015). And unless the government shows the movant "clearly and unambiguously waived his right to bring this appeal," the court will not enforce the appeal waiver and will instead proceed to the merits of the claim. *Id.*

Indeed, in *Andis*, the Eighth Circuit recognized that plea agreements must be "strictly construed" and that "any ambiguities . . . will be read against the Government and in favor of a defendant's appellate rights." 333 F.3d at 890. In the context of the present motion, the Government has not shown Movant clearly and unambiguously waived his right to challenge the conditions of supervised release. And specifically, Movant argues here that the condition of supervised release that he must comply with state and federal sex offender registration requirements is not itself lawful. If true, this argument "might bring his sentence within the appeal waiver's definition of illegal sentence." *Bradford*, 806 F.3d at 1155.[5] Accordingly, the Court does not find the appeal waiver would bar review of Movant's claim had it been raised on direct appeal.

---

[5] Notably, the appeal waiver used here is functionally more limited as far as waiving the right to appeal than that contained in *Andis* or *Blue Coat*. *See Andis*, 333 F.3d at 892 (holding appeals waiver encompassed challenge to conditions of supervised release where the plea agreement waived "all rights to appeal whatever sentence is imposed"); *Blue Coat*, 340 F.3d at 542 (holding appellant waived right to appeal special conditions of supervised release where plea agreement waived the right to appeal his sentence *except for* "a departure below the guideline range").

Therefore, the Court will proceed to analyzing the claim under the plain error standard that would apply to the merits had this claim been raised on direct appeal.

### 2.     Substantive Review for Plain Error

The crux of Movant's argument appears to be that because his earlier conviction under Florida law for attempted sexual battery does not require registration as a sex offender under either state or federal law, the condition that he comply with state and federal sex offender registration requirements is not permitted by law. Title 18 of the United States Code, § 3583(d) provides, in relevant part: "The court shall order, as an explicit condition of supervised release for a person required to register under the Sex Offender Registration and Notification Act, that the person comply with the requirements of that Act." In *United States v. Rhone*, 535 F.3d 812 (8th Cir. 2008), the Eighth Circuit held that, under § 3583(d), "before the district court could require Rhone to register under SORNA, as a condition of supervised release, it had to first determine" whether Rhone was required to register under SORNA based on his previous conviction. *Id*. at 813-14. There, the Eighth Circuit held the district court abused its discretion when it failed to "make an independent determination whether" Rhone was required to register as a sex offender (in that case, under federal law) based on a prior conviction.

In opposing the instant motion for relief under § 2255, the Government attempts to distinguish *Rhone* by arguing in that case the sentencing court "expressly directed that the defendant register as a sex offender under SORNA," whereas here, Movant was "merely directed . . . [to] register if *he were required to*." (Doc. 7 at 10.) The Court does not find the Government's attempted distinction persuasive.

In *Rhone*, the written judgment stated: "The defendant must remain in compliance with all sex offender registration and public notification requirements . . . The defendant must read and sign the Offender Notice and Acknowledgment of Duty to Register as a Sex Offender form." 535 F.3d at 814. At the sentencing hearing, as the Eighth Circuit set out in its opinion, while pronouncing the special condition largely as stated above the district court also noted, "I don't know if he was on the sex offender registration requirement" and, after discussion with the probation officer who indicated Rhone was not subject to the registry although the law may have recently changed to require him to register, the Court stated, "[i]f [federal registration law] applies, then you'll have to register. If it does not, then you won't have to, so the prison officials and Probation will help you sort that out." *Id*. *Rhone* explicitly held, in addition to the holding above,

7

that district courts "may not improperly delegate this legal determination [whether a defendant must register as a sex offender under federal law] to the probation office or the Bureau of Prisons." *Id.* at 815.

In this case, at Movant's sentencing hearing, the Court ordered that Movant comply with the mandatory and standard conditions that have been adopted by this Court as well as "the special conditions that are outlined in section D of the presentence investigation report." The special conditions in the PSR included that Movant "shall comply with all state and federal sex offender registration requirements." The written judgment also included, as a mandatory condition of supervised release, that Movant comply with SORNA and as a special condition that Movant "shall comply with all state and federal sex offender registration requirements." The Government argues these conditions only require Movant to register as a sex offender "if *he were required to*," not that he affirmatively register. In other words, *Rhone* aside, the Government argues the condition that Movant comply with sex offender registration requirements is the equivalent of the mandatory condition on supervised release that an offender generally must comply with state and federal law.

To support this argument, the Government primarily relies on *United States v. Branch*, 421 F. App'x 659 (8th Cir. 2011). In *Branch*, the Eighth Circuit affirmed a federal registration requirement as a condition of supervised release after the defendant was convicted under 18 U.S.C. § 1952 for misusing facilities of interstate commerce to run an illegal business, having transported a 17-year-old female across state lines for the express purpose of prostitution. *Id.* at 660-61. The Eighth Circuit determined the sole issue before the Court "whether the condition [that Movant "comply with all federal, state and local sex offender registration laws and provide verification of registration to the probation officer"] itself is valid." *Id.* at 661. Ultimately, the court of appeals held the district court did not abuse its discretion because the condition "simply requires compliance with the law." *Id.* at 662.

Critically, though, in *Branch* the condition "simply require[d] compliance with the law" because the instant federal offense to which the defendant had plead guilty (and for which a term of supervised release was thereby imposed) itself provided the sex offense for which the defendant was required to register. *See id.* at 660-61 (defendant plead guilty to misusing interstate commerce to run an illegal business, having transported a 17-year-old female across state lines for the express purpose of prostitution); *see also* § 1952(b) (1994) (defining "unlawful activity" under this

8

criminal statute as including "prostitution offenses in violation of the laws of the State in which they are committed or of the United States").

This principle in *Branch* is borne out further by the *Branch* Court's reliance on an earlier Eighth Circuit opinion: *United States v. Jorge-Salgado*, 520 F.3d 840 (8th Cir. 2008). *See Branch*, 421 F. App'x at 661-62 (quoting *Jorge-Salgado*). In *Jorge-Salgado*, the Eighth Circuit had earlier held that a district court did not abuse its discretion in requiring a defendant to register as a sex offender as a requirement of his supervised release "based on his previous conviction of criminal sexual conduct" under state law. 520 F.3d at 841. Specifically, the Eighth Circuit reasoned the district court did not abuse its discretion in doing so because the defendant's

> failure to register as a sex offender would have violated this mandatory condition [under § 3583(d), that an offender "not commit another Federal, State, or local crime during the term of supervision"] because he would have committed a state crime under Minnesota law if he did not re-register as a sex offender based on the present convictions.

*Id.* at 843. Viewed in this way, *Branch* and *Jorge-Salgado*, particularly in light of *Rhone*, do not support the Government's argument (extended to its natural end) that a sentencing court may always include as a condition of supervised release that the defendant comply with state and federal sex offender registration requirements without regard to whether or not the defendant is actually required to do so. *See also United States v. Wallette*, 686 F.3d 476, 485 (8th Cir. 2012) ("Plain error results if the district court fails to make the necessary individualized findings for imposing a special condition.") (citation omitted). In both *Branch* and *Jorge-Salgado*, it appears the condition that a defendant comply with sex offender registration requirements was functionally the same as the requirement that the offender comply with state and federal law – and therefore was not an error for which the defendants were entitled to appellate relief – because the offender was otherwise required to register under the law: the *Branch* defendant having just been convicted under 18 U.S.C. § 1952 involving the transportation of a 17-year old across state lines for purposes of prostitution, and the *Jorge-Salgado* defendant having been required to register as a sex offender under Minnesota state law for a prior state-law offense.[6] And *Rhone* (decided after *Jorge-Salgado*) held that the condition of supervised release that a defendant register as a sex offender

---

[6] In *Jorge-Salgado*, the Eighth Circuit looked explicitly to Minnesota law in reasoning the defendant's "failure to register as a sex offender would have violated this mandatory condition of supervised release because he would have committed a state crime under Minnesota law if he did not re-register as a sex offender based on the present convictions." 520 F.3d at 843.

9

under at least federal law requires an individualized determination that may not be delegated to the probation office or the Bureau of Prisons.

Here, no individualized inquiry was undertaken whether Movant is required to register as a sex offender under federal law (that is, under SORNA) based on his earlier state-law conviction for attempted sexual battery. Neither do the instant crimes of conviction for federal drug and firearm offenses independently give rise to such a registration requirement, as was the case in *Branch*. Plain error review is a high bar, however. "Plain error occurs if the district court errs, the error is clear under current law, and the error affects the defendant's substantial rights." *United States v. James*, 792 F.3d 962, 970 (8th Cir. 2015). In the context of conditions for supervised release, the Eighth Circuit has recognized: "Where the basis for an imposed condition is 'sufficiently evident' and 'can be discerned' from the record, 'reversal is not required by a lack of individualized findings.'" *United States v. Carson*, 924 F.3d 467, 474 (8th Cir. 2019) (finding although the district court plainly erred by failing to support special conditions with individualized findings as required by law, the defendant was not entitled to relief on appeal under plain error review where "the reasons for the challenged conditions [were] sufficiently evident from th[e] record"); *cf. Rhone*, 535 F.3d at 814 (vacating judgment imposing special condition requiring compliance with sex offender registration laws where the record did not provide "the basis for imposing [the special condition] on Rhone"). Accordingly, the Court considers whether a sufficient basis for the challenged special condition "can be discerned from the record."

### i. Federal Sex Offender Registration

Under SORNA, federal law provides "[a] sex offender shall register . . . in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student." 34 U.S.C. § 20913(1). Section 20911(1) defines "sex offender" as "an individual who was convicted of a sex offense." In turn, federal law defines a "sex offense" as:

> (i) a criminal offense that has an element involving a sexual act or sexual contact with another;
>
> (ii) a criminal offense that is a specified offense against a minor;
>
> (iii) a[n] [enumerated] Federal offense . . . ;
>
> (v) a military offense specified by the Secretary of Defense . . . ; or
>
> (v) an attempt or conspiracy to commit an offense described in clauses (i) through (iv).

10

§ 20911(5)(A).  A "criminal offense" is defined to include a state-law offense.  § 20911(6).  Only the first clause (the "elements" definition) and the second clause (the "minor" definition) are potentially applicable here.

As the Government acknowledges in its suggestions in opposition to Movant's motion, a federal district court in Florida has recently held an essentially identical version of attempted sexual battery under Florida law as that under which Movant was earlier convicted does not constitute a sex offense under SORNA's elements definition.  (Doc. 7 at 11 n.5 (citing *United States v. Bemis*, No. 8:19-cv-458-T-33AAS, 2020 WL 1046827, at *3 (M.D. Fla. Mar. 4, 2020), *appeal dismissed*, No. 20-11288-AA, 2020 WL 3669601 (11th Cir. June 10, 2020)).)

In *Bemis*, to determine whether the attempted sexual battery offense under Florida law[7] satisfied the first definition of a sex offense under SORNA, the district court applied the "categorical approach" looking to the elements of the prior offense with SORNA's elements definition.  2020 WL 104827, at *2 (citing *United States v. Vineyard*, 945 F.3d 1164, 1170 (11th Cir. 2019) (concluding the categorical approach applies to this definition of sex offense under SORNA)).  The *Bemis* court concluded under the categorical approach looking only to the elements of the prior offense and SORNA's elements definition, that because Florida's attempted sexual battery offense is broader than the elements definition (where the phrases "'sexual contact' and 'sexual act' both require that the act be related to or motivated by sexual gratification"), as a matter of law the defendant was not required to register under SORNA.  *Id.* at *3.

It does not appear the Eighth Circuit itself has decided the issue if the categorical approach (or a circumstance-specific approach) applies to determine whether a state-law crime is a SORNA sex offense with elements involving a sexual act or sexual contact with another.  At the same time, federal courts generally agree the categorical approach applies to determine whether a particular prior conviction qualifies as a sex offense under the elements definition of SORNA.  *Vineyard*, 945 F.3d at 1170); *United States v. Helton*, 944 F.3d 198, 203 (4th Cir. 2019); *United States v.*

---

[7] It appears the only meaningful difference between the attempted sexual battery offense involved in *Bemis* and the one under which Movant was convicted here involves the minimum age of the victim. *Compare Bemis*, 2020 WL 1046827, at *2 (defining the offense as:  "A person who commits sexual battery upon a person 12 years of age or older, without that person's consent, and in the process thereof does not use physical force and violence likely to cause serious personal injury") (quoting F.S.A. § 794.011(5) (2002)) *with State v. Rider*, 449 So. 2d 903, 903 n.3 (Fla. Ct. App. 1984) ("A person who commits sexual battery upon a person over the age of 11 years, without that person's consent, and in the process thereof uses physical force and violence not likely to cause serious physical injury[.]") (quoting F.S.A. § 794.011(5) (1981)).

*Rogers*, 804 F.3d 1233, 1237 (7th Cir. 2015); *see United States v. Gilchrist*, No. 3:19-147, 2021 WL 808753, at *4 (M.D. Pa. Mar. 3, 2021) (recognizing while Third Circuit has not decided this issue, the majority of circuits apply the categorial approach to this question; doing the same); *United States v. Marrero*, No. 19-cr-608 (ERK), 2020 WL 6637584, at * (E.D.N.Y. Nov. 12, 2020); *United States v. Ballantyne*, No. CR 11-43-BLG-JDS, 2013 WL 3995265, at *1 (D. Mont. Aug. 5, 2013). And when faced with similar statutory definitions and comparisons, the Eighth Circuit also generally employs the categorical approach. *See, e.g.*, *Ortiz v. Lynch*, 796 F.3d 932, 935 (8th Cir. 2015) (employing categorical approach to determine whether prior conviction was "crime of violence," itself defined as "an offense that has as an element the use, attempted use, or threatened use of physical force").

Under the categorical approach, courts "focus only on whether the elements of the crime of conviction sufficiently match the [federal definition]," and "[i]f the state offense sweeps more broadly, or punishes more conduct than the federal definition, the conviction does not qualify as a predicate offense" under the federal statutory scheme. *United States v. Vanoy*, 957 F.3d 865, 867 (8th Cir. 2020) (citations omitted).

The phrases "sexual contact" and "sexual act" are not defined in SORNA. "As in any statutory construction case, [the court] start[s], of course, with the statutory text, and proceed[s] from the understanding that unless otherwise defined, statutory terms are generally interpreted in accordance with their ordinary meaning." *Sebelius v. Cloer*, 569 U.S. 369, 376 (2013) (cleaned up). Looking to the plain or ordinary meaning of SORNA's use of the undefined phrases "sexual contact" and "sexual act" to define sex offenses to which SORNA's registration requirement attach, other federal courts have held the phrases require a sexual desire or gratification component. *Helton*, 944 F.3d at 207; *Vineyard*, 945 F.3d at 1171-72. In a similar fashion, albeit in the sentencing context, the Eighth Circuit has held the plain and ordinary meaning of the term "sexual" necessarily includes that an "intent in committing the [act] is to seek libidinal gratification." *United States v. Garcia-Juarez*, 421 F.3d 655, 659 (8th Cir. 2005) (quoting *United States v. Padilla-Reyes*, 247 F.3d 1158, 1163 (11th Cir. 2001)); *United States v. Sonnenberg*, 556 F.3d 667, 671 (8th Cir. 2009) (employing the same definitional framework to the phrase "sexual abuse" relating to statutory sentencing enhancement).

For the same reasons explained in *Bemis*, Movant's conviction under Florida law for attempted sexual battery does not qualify as a sex offense under the elements definition within

12

SORNA. The Florida offense lacks the same intent element otherwise present in an offense with an element of "sexual contact" and "sexual act" as used in SORNA and the plain meaning of those terms defined by federal courts. *See also Ortiz*, 796 F.3d at 936-37 (where state statute is broader than the federal definition, the state statute does not "categorically" meet the federal standard).

*Bemis* did not, however, consider the second definition of a sex offense under SORNA as a "specified offense against a minor." Federal law defines "specified offense against a minor" as "[1] Criminal sexual conduct involving a minor [or] [2] Any conduct that by its nature is a sex offense against a minor." § 20911(7). Rather than a categorical approach, the Eighth Circuit has held for *this* definition courts should instead take a "circumstance-specific approach" and look to the "circumstances that underlie [the prior] conviction" to determine if a state conviction qualifies as a sex offense under SORNA. *United States v. Hill*, 820 F.3d 1003, 1006 (8th Cir. 2016).

As reflected in the PSR, Movant was charged with – and ultimately entered a plea of nolo contendere and was sentenced to five years' probation for –

> Unlawfully attempt[ing] to commit sexual battery upon [T.R.], a person over the age of eleven (11) years, without her consent, by attempting to cause his fingers to penetrate or unite with the vagina of said [T.R.], and in the process of said attempt to commit the said sexual battery and used physical force not likely to cause injury to the said [T.R.], and in the furtherance of said attempt did tie the said [T.R.] to a bed, did gag her with a sock, pull down her pants, expose her breasts, and remove a tampon from her vagina, with the intent to commit sexual battery, contrary to F.S. 777.04(1), F.S. 777.04(4)(c) and F.S. 794.011(5).

(Crim. Doc. 57 at 9; *see also* Doc. 14-2 at 1.)

Here, it is not clear Movant's 1981 state conviction qualifies as a SORNA sex offense under the minor definition for the sole reason it is not discernable on the record whether the victim of Movant's detestable and graphic criminal acts was in fact a minor. Accordingly, considering *Rhone*, the Court must conclude had this claim been raised on direct appeal it would have been meritorious, even under plain error review. *See United States v. Deatherage*, 682 F.3d 755, 763 (8th Cir. 2012) (plain error is a "formidable standard of review that is not met if the reasons for the imposition are discernable from the record") (cleaned up); *United States v. Davis*, 452 F.3d 991, 995 (8th Cir. 2006) (finding plain error where sentencing court failed to impose special condition based on individualized inquiry and when "such an individualized analysis would have affected the outcome of the proceeding"); *cf. United States v. Thompson*, 888 F.3d 347, 352 (8th Cir. 2018) (finding no plain error in imposing sex-offender-related discretionary special condition under § 3583(d) where defendant was a felon who is required to register as a sex offender under

federal law); *James*, 792 F.3d at 970 (finding no plain error regarding sex offender condition when defendant is required to register under SORNA); *United States v. Carson*, 924 F.3d 467, 474 (8th Cir. 2019) (district court's failure to make individualized findings for special condition of supervised release was not plain error where "reasons for the challenged conditions [were] sufficiently evident from this record").

Nonetheless, even if the victim was a minor and/or Movant's prior conviction otherwise qualifies as a SORNA sex offense, the record also affirmatively demonstrates Movant is otherwise not now required to register under SORNA. Federal law sets forth three "tiers" of sex offenders, where each tier sets forth the length of time a sex offender must register under SORNA. Specifically, a "tier I" and "tier II" sex offender must register for 15 and 25 years, respectively, while a "tier III" offender must register for their lifetime. 34 U.S.C. § 20915(a). The three tiers of sex offenders are defined as follows:

- Tier I sex offender: "a sex offender other than a tier II or tier III sex offender."
- Tier II sex offender:

[A] sex offender other than a tier III sex offender whose offense is punishable by imprisonment for more than 1 year and –

(A) is comparable to or more severe than the following offenses, when committed against a minor, or an attempt or conspiracy to commit such an offense against a minor:

      (i) sex trafficking (as described in [18 U.S.C. § 1591]);

      (ii) coercion and enticement (as described in [18 U.S.C. § 2422(b)]);

      (iii) transportation with intent to engage in criminal sexual activity (as described in [18 U.S.C. § 2423(a)]);

      (iv) abusive sexual contact (as described in [18 U.S.C. § 2244]);

(B) involves –

      (i) use of a minor in a sexual performance;

      (ii) solicitation of a minor to practice prostitution; or

      (iii) production or distribution of child pornography; or

(C) occurs after the offender becomes a tier I sex offender.

- Tier III sex offender:

[A] sex offender whose offense is punishable by imprisonment for more than 1 year and –

(A) is comparable to or more severe than the following offenses, or an attempt or conspiracy to commit such offense:

14

(i) aggravated sexual abuse or sexual abuse (as described in [18 U.S.C. §§ 2241 & 2242]); or

(ii) abusive sexual contact (as described in [18 U.S.C. § 2244]) against a minor who has not attained the age of 13 years;

(B) involves kidnapping of a minor (unless committed by a parent or guardian); or

(C) occurs after the offender becomes a tier II sex offender

§ 20911(2)-(4). Even assuming the prior offense qualifies as a "sex offense" under SORNA, at this point Movant would only be required to register under SORNA if he were classified as a tier III offender with the lifetime registration requirement.[8]

The Eighth Circuit has not yet decided whether courts should apply the categorical or circumstance-specific approach in determining SORNA-tier classification. *See United States v. Mulverhill*, 833 F.3d 925, 929-30 (8th Cir. 2016) (noting the issue was not addressed in *Hill* and declining in that case to "wade into the quagmire of which approach applies to the three tier classifications," finding no plain error where district court applied the categorical approach). Nonetheless, as another district court in this circuit has recognized, the vast consensus among federal courts is that the categorical approach applies to determine whether a prior offense is "comparable to or more severe than" an enumerated federal offense, and most federal courts agree the circumstance-specific approach applies to determine whether an offense was "committed against a minor" or "against a minor who has not attained the age of 13 years." *United States v. Laney*, No. 20-CR-3053-LTS-KEM, 2021 WL 2373845, at *5-6 & *5 n.8 (N.D. Iowa, Mar. 26, 2021), *adopted by* No. CR20-3053-LTS, 2021 WL 1821188 (N.D. Iowa May 6, 2021) (collecting cases).[9]

---

[8] Inasmuch as SORNA applies retroactively, Movant would no longer be required to register under SORNA should he be classified as a tier I or II sex offender. *See also* 28 CFR § 72.5(b) (the federal registration requirement begins to run when the sex offender is sentenced for the offense giving rise to the registration requirement when not sentenced to a term of imprisonment); (Doc. 14-2 at 9 (sentencing Movant to a term of five years' supervised release on August 3, 1981).) Were Movant classified under federal law as a tier I or tier II sex offender, his registration term expired 1996 and 2006, respectively. *United States v. Red Tomahawk*, No. 1:17-cr-106, 2018 WL 772081, at *5 (D.N.D. Feb. 7, 2018) (concluding as a matter of law SORNA does not itself contain a tolling provision).

[9] Categorical approach applies to whether the prior offense is comparable to or more severe than an enumerated federal offense: *United States v. Walker*, 931 F.3d 576, 580 (7th Cir. 2019); *United States v. Barcus*, 892 F.3d 228, 231-32 (6th Cir. 2018); *United States v. Young*, 872 F.3d 742, 746 (5th Cir. 2017); *United States v. Berry*, 814 F.3d 192, 197 (4th Cir. 2016); *United States v. Morales*, 801 F.3d 1, 3 (1st Cir. 2015); *United States v. White*, 782 F.3d 1118, 1134-36 (10th Cir. 2015); *United States v. Cabrera-Gutierrez*, 756 F.3d 1125, 1133 (9th Cir. 2014); *United States v. Marrero*, No. 19-cr-608 (ERK), 2020 WL 6637584, at *2 (E.D.N.Y. Nov. 12, 2020); *United States v. Church*, 461 F. Supp. 3d 875, 883 (S.D. Iowa

At the time of Movant's prior conviction, Florida law classified attempted sexual battery as a second-degree felony, *see State v. Rider*, 449 So. 2d 903, 903 n.3 (Fla. Ct. App. 1984) (quoting F.S.A. § 794.011(5) (1981)), punishable by a maximum of five years' imprisonment. *See Willis v. State*, 446 So.2d 210, 211 (Fla. Ct. App. 1984) (citing F.S.A. § 775.082(3)(d) (1981)). Thus, regardless whether the victim was a minor, the necessary inquiry here is whether Movant's attempted sexual battery offense is comparable to or more severe than aggravated sexual abuse (18 U.S.C. § 2241), sexual abuse (18 U.S.C. § 2242), or abusive sexual contact (18 U.S.C. § 2244).

Critically, §§ 2241 and 2242 criminalize "sexual act[s]" under certain aggravating circumstances. §§ 2241(a)-(c), 2242. Federal law defines "sexual act" under these statutes as:

> (A) contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however slight;
>
> (B) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;
>
> (C) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or
>
> (D) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

18 U.S.C. § 2246(2). Similarly, § 2244 criminalizes "sexual contact" that would otherwise be punishable under §§ 2241 or 2242 had the sexual contact been a sexual act or otherwise "knowingly engages in sexual contact with another person without that other person's permission." § 2244(a), (b). "Sexual contact" is similarly defined as: "the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arose or gratify the sexual desire of any person." § 2246(3).

At the time of Movant's earlier conviction, Florida law defined "attempted sexual battery" as when "[a] person who commits sexual battery upon a person over the age of 11 years, without that person's consent, and in the process thereof uses physical force and violence not likely to

---

2020); *United States v. Phillips*, No. 8:16-cr-117-T-33MAP, 2016 WL 5338711, at *2-3 (M.D. Fla. Sept. 23, 2016); *United States v. Marrowbone*, 102 F. Supp. 3d 1101, 1107-08 (D.S.D. 2015).

    Circumstance-specific approach applies to determine whether an offense was committed against a minor: *United States v. Escalante*, 933 F.3d 395, 401-02 (5th Cir. 2019); *Walker*, 931 F.3d at 580; *Berry*, 814 F.3d at 197.

cause serious physical injury[.]" *Rider*, 449 So. 2d at 903 n.3 (quoting F.S.A. § 794.011(5)). State law defined "sexual battery" at that time as "oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object." *Id.* at 903 n.1 (quoting F.S.A. § 794.011(1)(f) (1981)). Even if Movant's prior state-law conviction did qualify as a "sex offense" under the elements definition of SORNA or otherwise, it does not appear Movant would be classified as a tier III offender. Under the categorical approach, Florida's attempted sexual battery offense is broader than the tier III comparable offenses, and therefore even if Movant did otherwise qualify as a SORNA sex offender, it does not appear he is otherwise required to register under SORNA at this time.

Accordingly, for these reasons, the Court does not conclude this claim would have been meritless had appellate counsel raised this issue on appeal and there is a reasonable probability had this issue been raised on direct appeal, Movant would have been successful even under plain error review as to a challenge concerning the condition of supervised release that he comply with federal sex offender registration law or SORNA. *See Davis*, 452 F.3d at 995.

### ii. State Sex Offender Registration

On the other hand, even presuming the reasoning in *Rhone* applies to the same extent as to a requirement an offender comply with state sex offender registration laws, *see also United States v. Mayo*, 642 F.3d 528, 631 (8th Cir. 2011) (recognizing special conditions on supervised release imposed under § 3583(d) "must be supported by individualized findings about [their] appropriateness for that particular defendant"), Movant has not demonstrated a reasonable probability he would have been entitled to relief on appeal as to the condition of supervised release that Movant comply with the state sex offender registration law, however.

Movant argues he is not required to register as a sex offender under Florida law. Looking to Florida law, it appears Movant may well be correct. In particular, Florida law defines in relevant part a "sexual offender" – i.e., one who must register under Florida's sexual offender registration law, F.S.A. § 943.0435(2) – as: a person convicted of attempting to commit sexual battery (§ 794.011) "and [h]as been released on or after October 1, 1997, from a sanction [including probation, *see* § 943.0435(1)(b)] imposed for any conviction of an offense . . . and does not otherwise meet the criteria for registration as a sexual offender under chapter 944 or chapter 985." § 943.0435(1)(h)(1)(a). The Florida state court sentenced Movant to five years' probation on

17

August 3, 1981, from which the PSR indicates he was discharged on July 25, 1987. (Crim. Doc. 57 at 9.) Thus, Florida's registration law does not appear to apply to Movant.

Movant fails to recognize, however, compliance with state sex offender registration laws not only emanates from the state of conviction but also from a defendant's state of residence, for example. Movant's PSR records a legal address (or personal residence) for Movant as within the State of South Carolina. (Crim. Doc. 57 at 4.) Under South Carolina's sex offender registration law, a person residing in the State of South Carolina who has plead *nolo contendere* to a "similar offense" as a specific enumerated offense must register as a sex offender under South Carolina law. S.C. Code Ann. § 23-3-430(a). One such offense, notwithstanding other enumerated offenses involving a minor of a particular age, *see* § 23-3-430(C)(4)-(6), is third-degree criminal sexual conduct. South Carolina law defines third-degree criminal sexual conduct as "engag[ing] in sexual battery with the victim and . . . us[ing] force or coercion to accomplish the sexual battery in the absence of aggravating circumstances." S.C. Code Ann. § 16-3-654; *see* § 23-3-430(C)(3) (citing § 16-3-654 as an enumerated offense requiring registration under South Carolina law).

Important here, South Carolina law defines "sexual battery" as "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body, except when such intrusion is accomplished for medically recognized treatment or diagnostic purposes." S.C. Code Ann. § 16-3-651(h). Finally, S.C. Code Ann. § 16-1-80 provides that an attempt "must be punished as for the principal offense." *See also* S.C. Code Ann. § 16-3-820 ("Assault with intent to commit criminal sexual conduct . . . shall be punishable as if the criminal sexual conduct was committed.")[10] To determine whether another jurisdiction's crime requires registration in South Carolina, state courts "look to the conduct involved, the elements of the offense, and the public policy behind the enactment of the statutes." *Lozada v. S.C. Law Enforcement Div.*, 719 S.E.2d 258, 259 (S.C. 2011) (citation omitted).

As noted above, Movant was convicted of attempted sexual battery upon a person over the age of 11 years and used physical force and violence not likely to cause serious physical injury. *See Rider*, 449 So.2d at 903 n.3. Moreover, Florida law defined "sexual battery" as "oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration

---

[10] Section 16-3-820 is also separately listed in South Carolina's sex-offender-registration law. *See* § 23-3-430(C)(9).

of another by any other object." *Id.* at 903 n.1 (quoting F.S.A. § 794.011(1)(f) (1981)). Given the elements of the offense and the specific circumstances and conduct involved in Movant's prior conviction, it appears that regardless of any federal requirement to register, Movant would be required to register under South Carolina's sex-offender-registration law as a resident of South Carolina.[11] Therefore, consistent with *Jorge-Salgado* and *Branch*, Movant would not be entitled to relief under plain error review concerning the special condition that he comply with state registration requirements where on the record it would otherwise be a crime were Movant not to comply with South Carolina's registration requirement (his place of residence as reflected in the PSR). *See* S.C. Code Ann. § 23-3-470. Because this claim as to the special condition regarding compliance with state sex offender registration law would have been without merit on appeal, particularly under plain error review, appellate counsel is not ineffective for failing to raise it. *See Rodriguez*, 17 F.3d at 226.

### B. Deficient Performance

When applying the deficient performance prong of the *Strickland* analysis, the Eighth Circuit applies a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Charboneau*, 702 F.3d at 1136 (quoting *Strikland*, 466 U.S. at 689). "To demonstrate that appellate counsel was ineffective, [movant] 'must . . . show that his counsel was objectively unreasonable in failing to find arguable issues to appeal – that is, that counsel unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them.'" *Williams v. Ludwick*, 761 F.3d 841, 845 (8th Cir. 2014) (quoting *Smith v. Robbins*, 528 U.S. 259, 285 (2000)). Movant argues appellate counsel failed to "research 'all' of Mr. Barker['s] files and records as he stated he did so, [because] if he would have, he would have seen that the 'SPECIAL CONDITIONS['] imposed on Mr. Barker for Supervise[d] Release cannot be imposed" because his earlier conviction for attempted sexual battery does not require he register as a sex offender under SORNA. (Doc. 1 at 4.)[12]

---

[11] It does not appear South Carolina's sex offender registration framework includes the same temporal limitation as under Florida's sex offender registration scheme. *See also Wiesart v. Stewart*, 665 S.E.2d 187, 187-88 (S.C. Ct. App. 2008) (considering retroactivity of certain amendments or components of sex offender registration law based upon a 1979 Maryland conviction for indecent exposure).

[12] Because Movant's claim would have been meritless as to the special condition that he register under state law as explained above, Movant cannot show prejudice to establish ineffective assistance of appellate counsel and the Court therefore does not consider *Strickland*'s deficient performance prong as to that claim. *See Pryor v. Norris*, 103 F.3d 710, 713 (8th Cir. 1997) (when applying *Strickland* framework, the court "need not reach the performance prong if [the court] determine[s] that the defendant suffered no

As explained above, a special condition of supervised release regarding federal sex offender registration requires an individualized inquiry whether the offender is so required to register as a matter of law. Appellate counsel was aware of Movant's prior conviction and Movant's concern regarding the challenged special condition in light of Movant's prior state-law conviction. In the supplemental affidavit appellate counsel states prior to sentencing he reviewed the PSR with Mr. Barker "in its entirety, including the suggested special condition" regarding sex offender registration and "[w]hile [Movant] initially questioned the applicability" of the condition, Movant later "indicated that he understood that any legal objection would be meritless and that this condition would not constitute a new requirement that he register as a sex offender," only that he must "comply with registration requirements should they otherwise apply[.]" (Doc. 14-1.) And additionally, counsel represented Movant at sentencing where no individualized inquiry as to this special condition occurred. On whole, this suggests the failure to raise this issue on appeal was not a deliberate strategy.[13]

The record here, including appellate counsel's affidavit, suggests appellate counsel was aware of both the special condition of supervised release and Movant's prior conviction under Florida law. After sentencing, the error regarding the lack of individualized inquiry whether Movant is required to register as a sex offender under SORNA in light of the limited record before the district court would have been apparent to a reasonably competent appellate attorney. "Effective assistance requires the provision of reasonably informed advice on material issues." *Mayfield v. United States*, 955 F.3d 707, 711 (8th Cir. 2020) (if counsel advised defendant sentencing enhancement applied, such advice was not professionally reasonable where "[r]udimentary research would have revealed" that the enhancement did not apply because the prior state conviction did not qualify as a conviction that triggered the sentencing enhancement under federal law). "'An attorney's ignorance of a point of law that is fundamental to his case combined with his failure to perform basic research on that point is a quintessential example of unreasonable performance under *Strickland*.'" *Id.* (quoting *Hinton v. Ala.*, 571 U.S. 263, 274 (2014)). Accordingly, because the claim at least as to the requirement Movant comply with federal

---

prejudice from the alleged ineffectiveness") (citation omitted).

[13] Of course, the Court recognizes that the sole issue that was raised on appeal – a suppression-of-evidence challenge – was specifically carved out of the appeal waiver in the plea agreement. (Crim. Docs. 53, 71.) Nonetheless, the special-condition issue only arose later at sentencing after entry of the guilty plea pursuant to the plea agreement.

sex offender registration law had a reasonable likelihood of success even on plain error review, the Court finds Movant has satisfied the *Strickland* performance prong. *See Roe v. Delo*, 160 F.3d 416, 419 (8th Cir. 1998) (in such a case where there is sufficient contrary evidence to overcome the presumption of reasonable assistance, the ineffectiveness prong "turns on whether an objectively reasonable attorney would have presented the issue for plain error review because it had a reasonable likelihood of success").

## IV. Conclusion

In sum, Movant has satisfied both *Strickland* prongs as to his claim of ineffective assistance of appellate counsel regarding the conditions of supervised release Movant comply with federal sex offender registration law (SORNA). Therefore, Movant is entitled to post-conviction relief on this claim under § 2255 as both an independent claim for ineffective assistance of appellate counsel and, since ineffectiveness of appellate counsel overcomes the procedural default, on his independent claim for relief. Accordingly, Movant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **GRANTED in part** as to the judgement entered April 18, 2019, in *United States v. Barker*, 4:16-cr-00084-RK-1 (Crim. Doc. 62), imposing as a mandatory and special condition of supervised release that Movant comply with federal sex offender registration requirements. Movant's motion to vacate, set aside or correct his sentence is otherwise **DENIED**. An amended judgment reflecting the same is forthcoming.[14]

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: May 31, 2022

---

[14]Pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure, a hearing is not required prior to modifying the conditions of supervised release if the relief "is favorable to the person and does not extend the term of probation or of supervised release." Fed. R. Crim. P. 32.1(c)(2)(B).

21